## No. 494

### JAMES FLOWERS v. JAKAB CO.

No. 18500. Supreme Court of Ohio

Docketed April 4, 1924, 2 Abs. 259

This case comes before the Supreme Court on motion to certify. Flowers brought an action in the Cleveland Municipal Court on a $1,500 note given by Hosack. The plaintiff asked for judgment on a note and foreclosure of a chattel mortgage on an automobile. The Jakab Co. was made a party defendant, as the automobile was in its poossession. Hosack, by way of answer, claimed an accord and satisfaction by reason of an agreement whereby Hosack delivered to Flowers another automobile on which he held another mortgage for $2,000, which was received by Flowers in full satisfaction of both mortgages.

The Jakab Co. answered, claiming that at the time of the execution of the mortgage to Flowers, Hosack had not right, title or interest in the automobile because the former had purchased the same before the execution of the mortgage. The Municipal found for Flowers on both issues and issued an order of sale on the automobile. At the time of bringing this action Flowers brought another action against Hosack for judgment on a $2,000 mortgage and foreclosure of a chattel mortgage securing the same. Hosack answered, setting up the same defense. Both cases were tried at the same time and judgment rendered in favor of Flowers. The Cuyahoga Appeals affirmed the judgment against Hosack on the note, but reversed the judgment against Flowers in favor of that company. The plaintiff filed a motion to certify with the Supreme Court. Flowers claimed that the Court of Appeals erred in the following respects:

1. In holding that the Jakab Co. took title to the chassis by virtue of the purchase order or contract and the delivery of the chassis to the Wagon Company to have a special body built thereon.

(Continued on Page 504)

# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 495
### FIDERIUS v. BUCHAN CO.
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5176. March 10, 1924

112. ATTACHMENT—Services performed by the superintendent of a company are not work and labor within the meaning of 11819 GC.

Attorneys—Arthur P. Gustafson, for Fiderius; S. M. Parks, for Buchan Co.; both of Cleveland.

No. 496
### DAVIES v. ROSE & JOHNSON CO.
Ohio Appeals, 7th Dist., Mahoning County
March 28, 1924

209. CARRIERS—Railroad Co. held liable as common carrier even after consignee had unloaded part of goods and had placed a lock on the car.

POLLOCK, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in the Municipal Court, wherein the Rose & Johnson Co. was plaintiff and the Pennsylvania Railroad Co. and James C. Davis were defendants. The case was appealed to the Common Pleas, where a jury was waived and on submission to the court of an agreed statement of facts judgment was rendered for the Rose & Johnson Co.

A car load of sugar consigned to the Rose & Johnson Co. was placed upon a side track of the Railroad Co. on the morning of Feb. 23. The Rose and Johnson Co. was notified of its arrival and on that day began unloading the sugar, but being unable to complete the unloading that night, placed a padlock of its own on the door. During the night the car was broken into and the sugar stolen, for the value of which this judgment was rendered in favor of the Rose & Johnson Co. The railroad prosecuted error. Held:

The question is whether there was a delivery of the sugar to the Rose & Johnson Co. that relieved the Railroad Co. from the liability of a common carrier. The bill of lading provided that property not removed within forty-eight hours after notice given of its arrival should remain in the Railroad's possession subject to charge for storage and to carrier's responsibility as warehouseman only.

This clause of the bill of lading was constructed by the U. S. Supreme Court in 256 US. 427, to the effect that the placing of a car upon a siding to be unloaded does not constitute a delivery, notwithstanding the consignee opens the door and commences to unload within the 48 hours period. This court holds that the placing of a lock on the door of the car by the Rose & Johnson Co. does not distinguish this case. It might have been an act of negligence to have omitted that precaution. The liability of the Railroad Co. as a common carried continued for the 48 hour period. Judgment of the Common Pleas affirmed.

Attorneys—Harrington, DeFord, Huxley & Smith, for Railroad Co.; McKain & Ohl, for Rose & Johnson Co.; all of Youngstown.

No. 497
### STATE v. HAHN CONSTRUCTION CO.
Ohio Appeals, 2nd Dist., Franklin County
No. 1211. Decided May 16, 1924

297. CONTRACTS—Yea and nay vote of County Commissioners, to assume part of cost, essential to validity of a highway construc-

## STATE COURT OF APPEALS—Continued

tion contract—Signature of to a certifying resolution not an equivalent.

PER CURIAM.

Epitomized Opinion
Published Only in Ohio Law Abstract

Error to Franklin Common Pleas.

It is conceded that a compliance with Section 2406 GC. requiring an aye and nay vote of the Commissioners of Tuscarawas County, was essential to the validity of the construction contract. It further appears that neither the original nor supplemental record of the Commissioners show that an aye and nay vote of the Commissioners was called or recorded.

It is urged that this is supplied by the signatures of the Commissioners to their record of the resolution adopting the said contract.

We are of the opinion that the signature of the Commissioners certifying the resolution is not the equivalent of an aye and nay vote. A County Commissioner might very consistently certify the record of a contract, although he did not vote for or agree to the resolution.

The Board of Education v. Best, 52 OS. 138, was approved in the case of Vinton v. James, 108 OS. 220. We cannot see, therefore, how the validity of the contract under consideration can be upheld. In the Best case the record shows that the contract under consideration was approved by unanimous vote. Even this was held not to comply with the statute and that the contract so adopted was invalid. We are forced to the conclusion that the contract under consideration was invalid, that that fact would be a good defense to the contractor and his surety.

State v. Kuhner and King, 107 OS. 406. Judgment affirmed.

For Pending Case, on motion to certify, see page ——.

Attorneys—C. C. Crabbe, Atty. Gen., W. E. Benoy, and J. C. Williamson, for State; Thomas H. Clark, for defendant.

---

No. 498

DITTRICK v. BAER

Ohio Appeals, 8th Dist., Cuyahoga County
No. 5384. Decided March 17, 1924

327. COURTS—As between the County Commissioners and the Common Pleas judges, the latter have the exclusive dominion, for their own purposes, over the rooms of the Court House which in no manner interfere with the power and authority of the County Commissioners over the Court House where said power and authority does not extend to a prohibition against the court for the use of the

necessary rooms in order to perform its functions.

SULLIVAN, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

Injunctive relief is sought by the County Commissioners against the Cuyahoga Common Pleas Judges restraining the defendants from the threatened possession and occupancy of two rooms on the second floor of the County Court House, for purposes directly relating to the administration of justice by the Common Pleas Court. On appeal the Court of Appeals held:

1. That under the authority of the Supreme Court in State ex vs. Babst, 97 OS. 64, the power of the County Commissioners is paramount excepting only where the courts, for the purpose of administering justice, assert the claim and necessity for the use and occupancy of rooms, and this right of the courts is supreme and must prevail.

Attorneys—E. C. Stanton and Geo. C. Hansen, for Commissioners; Dustin, McKeehan, Merrick, Arter & Stewart and Wilkin, Cross & Daust, for Judges; all of Cleveland.

---

No. 499

STATE ex rel GARWOOD v. WEBSTER

Ohio Appeals, 2nd Dist., Montgomery County
No. 614. Decided May 26, 1924

601. HABEAS CORPUS—Writ of will not be allowed for the reduction of an unreasonable bond until the statutory remedy has been exhausted.

BY THE COURT.

Epitomized Opinion
Published Only in Ohio Law Abstract

Action in habeas corpus brought against Webster, sheriff, seeking the release of Harry Garwood and Amber Garwood, who were imprisoned in the jail of Montgomery county under commitment from a justice of the peace. Each of the three parties was under arrest upon three charges of burglary and commited to jail in default of bond, which was fixed in the sum of $2,000 for each party for each offense, or $12,000 in all. Application was made to the Common Pleas for reduction of the amount of the bonds, and the application was refused. This proceeding was brought as the proper remedy to reduce an excessive bond and for the discharge of the parties imprisoned upon the giving of a reasonable bond Held:

By 13534 GC. one charged with a bailable offense and confined in jail under the commitment of a magistrate, may be admitted to bail by a judge of the Supreme, Common Pleas or Probate Court. The rule of law is that a

party must exhaust his statutory remedy for the reduction of unreasonable and excessive bail by making application to the judges, specifically authorized to make such order under the statute, and a writ of habeas corpus will not be allowed until such statutory remedy has been exhausted. If the order of the Common Pleas in this case was a final order, then the remedy would be by error proceedings. If it was not a final order, then the remedy would be to apply to other judges mentioned in the statute. In either event a writ of habeas corpus will not be allowed by this court under the existing circumstances. Writ refused.

Attorneys—T. M. Gavin and Strother Jackson, for Garwood; Chas. Brennan, for Webster.

## No. 500
## SAUTORA v. CALLAN et al

Ohio Appeals, 8th Dist., Cuyahoga County No. 4927. Decided March 12, 1924

953. PRINCIPAL AND SURETY—Surety was liable on bond of policeman for injuries caused by policeman in making unauthorized arrest when off duty.

Middleton, P. J., Mauck and Sayre, JJ. of 4th Dist., sitting.

SAYRE, J.

### Epitomized Opinion
Published Only in Ohio Law Abstract

United States Fidelity & Guaranty Co. gave bond to the City of Cleveland for the faithful performance by Callan of his duties as policeman. Callan, while off duty in citizen's clothes and intoxicated and in a locality where he was accustomed to perform his duties, arrested three persons who had committed no offense whatever and were peaceably going about their affairs. When one of the persons attempted to run away, Callan fired his pistol in the direction of that person and one of the shots enter the leg of Sautorfa. This action was brought against Callan and the Guaranty Co. to recover damages resulting from the wound. The trial court, on motion, at the close of Sautora's evidence, directed a verdict in favor of the Guaranty Co. Upon error the Court of Appeals held the motion to direct the verdict was improperly sustained and judgment was reversed.

1. Sureties are held liable on official bonds where the officer while acting colore officii, with pretense of official authority, is guilty of trespass upon person or property.

2. That Callan was acting under color of office but in a wrongful and unfaithful discharge of his duties, and the Fidelity & Guaranty Co. is bound for his acts.

Attorneys—Wm. J. Corrigan, for Sautora; R. T. Miller, for Callan and Guaranty Company; both of Cleveland.

## No. 501
## BAER v. STATE

Ohio Appeals, 8th Dist., Cuyahoga County

See also Stanton v. Levine, below, this Abstract. For Pending Supreme Court case, see page 500.

1062. SALARIES—Act increasing salary of Common Pleas judges of Cuyahoga County held not applicable to judges already holding

SALARIES—Of Common Pleas Judges, as affected by amendment to statute.

### Epitomized Opinion
Published Only in Ohio Law Abstract

The Prosecuting Attorney of Cuyahoga County brought an action in the Common Pleas Court of that County to recover back from Judge Baer certain payments of salary which the latter received as Common Pleas Judge. These payments were made on account of the increase of salary provided by the amendments to 2251 and 2252 GC., passed Feb. 24, 1920, and became effective May 25, 1920. The Auditor of Cuyahoga County refused to draw his warrant for the payment of the increase for the period from May 25th to June 1, 1920. Baer and others brought suit for an order of mandamus for a warrant for this payment.

Attorneys—W. H. Boyd, and T. H. Hogsett, for Baer; E. C. Stanton, Pros. Atty., for State; all of Cleveland.

2. In holding that Hosack had no right to mortgage the automobile when it was not in his actual possession but in his constructive possession.

3. In holding that the Jakab Co. took title to the automobile notwithstanding the violation of the Statute of Frauds.

4. In holding that the title and interest in the Jakab Co. was superior to that of the mortgagee to the full value of the automobile, although the Jakab Co. had failed to pay the full purchase price thereof.

Attorneys—Wm. H. Chapmon and E. J. Cherney, for Flowers; Quigley & Byrnes, for Jakab Co.; all of Cleveland.

